**JOHN L. BURRIS, Esq., SBN 69888**
**ADANTE D. POINTER, Esq., SBN 236229**
**MELISSA NOLD, Esq., SBN 301378**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport St., Suite 1120
Oakland, California 94621
Telephone:   (510) 839-5200
Facsimile:    (510) 839-3882
John.Burris@johnburrislaw.com
Adante.Pointer@johnburrislaw.com
Melissa.Nold@johnburrislaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNIE ATIENZA, individually and as successor-in-interest to Decedent LAUDEMER ARBOLEDA, <br><br> Plaintiff, <br><br> v. <br><br> TOWN OF DANVILLE, a municipal corporation; COUNTY OF CONTRA COSTA, a municipal corporation; ANDREW HALL, individually; and DOES 1-50, inclusive. <br><br> Defendants. | Case No.: 3:19-cv-03440 RS <br><br> FIRST AMENDED COMPLAINT <br><br> <u>JURY TRIAL DEMANDED</u> |

## **INTRODUCTION**

1. This civil rights and wrongful death action arises out of the November 3, 2018 officer involved shooting of Laudemer Arboleda. On the date of the incident, yet-to-be-identified Danville Police Officers responded to a call about an unfamiliar person of color approaching

homes in the upscale Town of Danville. Police received no reports of criminal activity related to the unknown man. When officers arrived, they saw Mr. Arboleda inside of his car, not committing any crime or infraction. Mr. Arboleda lawfully drove away from the area. For unknown reasons, officers pursued Mr. Arboleda as he drove away, even though he was not suspected of committing any crime or infraction.

2. In fear for his life, Mr. Arboleda continued to drive away from the officers. Mr. Arboleda attempted to drive into the intersection of Front Street and Diablo Road. As Mr. Arboleda slowly drove through the intersection, Danville Police Officer Andrew Hall inexplicably opened fire on Mr. Arboleda, by shooting into the moving car, in the middle of a heavily populated intersection, on a Saturday afternoon. Mr. Arboleda was struck with multiple bullets, causing his car to foreseeably careen out of control and strike multiple cars. Mr. Arboleda died from his injuries.

3. Mr. Arboleda leaves behind a grieving mother, who brings this present action for violations of state and federal law.

## **JURISDICTION**

4. This action arises under Title 42 of the United States Code, Section 1983. The unlawful acts and practices alleged herein occurred in the Town of Danville, County of Contra Costa, California, which is within this judicial district. Title 28 United State Code Section 1391 (b) confers venue upon this Court.

## **PARTIES**

5. Decedent, LAUDEMER ARBOLEDA was unmarried and did not have any children at the time of his death.

6. Plaintiff, JEANNIE ATIENZA, sues in her individual capacity as Decedent's mother and in representative capacity as successor-in-interest to Decedent pursuant to California Code of Civil Procedure Sections 377.30 and 377.60. Decedent's father predeceased him.

7. Defendant TOWN OF DANVILLE (hereinafter "Town") is, and at all times herein mentioned, a municipal entity duly organized and existing under the laws of the State of California. The Town of Danville Police Department is staffed by Deputies employed by the County of Contra Costa.

8. Defendant COUNTY OF CONTRA COSTA (hereinafter "County") is, and at all times herein mentioned, a municipal entity duly organized and existing under the laws of the State of California. The County of Contra Costa Sheriff's Department provided Deputies for employment by the Town of Danville Police Department.

9. Defendant ANDREW HALL was, and at all times mentioned herein, is a police officer for the Town of Danville and/or County of Contra Costa and is sued in his individual and official capacity.

10. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control and in violation of public policy. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or

control or upon any other act or omission. Plaintiff will ask leave to amend this complaint subject to further discovery.

11. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment for the Town of Danville and/or County of Contra Costa.

12. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

13. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

14. Plaintiff timely filed a Government Tort Claim, which was rejected on December 17, 2018.

### **STATEMENT OF FACTS**

15. On November 3, 2018, at approximately 11:00 a.m., an unknown person called the Danville Police Department to report a man of color acting 'suspiciously' near Cottage Lane and Laurel Drive, in the upscale Town of Danville, California. The caller did not report any criminal activity whatsoever and reportedly observed an unfamiliar man approaching houses with packages.

16. Danville Police Officers responded to the scene and found Mr. Laudemer Arboleda in his car. Officers did not observe Mr. Laudemer commiting any crime or infraction. Mr. Arboleda lawfully drove away from the officers.

17. Without cause, Danville Police Officers decided to pursue Mr. Arboleda down a populated street in the middle of a Saturday afternoon.

18. Mr. Arboleda attempted to slowly drive away past the officers into the intersection of

Front Street and Diablo Road. Inexplicably, Danville Police Officer Andrew Hall opened fire into Mr. Arboleda's car as it passed by him. Officer Hall's actions were contraindicated, as shooting into moving cars violates logic, policy, training and best practices.

19. Mr. Arboleda was struck by multiple bullets, causing his car to foreseeably careen out of control and strike multiple vehicles. Fortunately, no other people were killed during this reckless one-sided shootout.

20. Mr. Arboleda died as a result of multiple gunshot wounds.

21. Plaintiff is informed and believes and thereon allege that Town of Danville and/or County of Contra Costa, and DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline Defendant Hall and DOES 1-25 inclusive, for their respective misconduct and involvement in the incident described herein, namely shooting an unarmed person not suspected of any crime or infraction, in violation of logic, policy, training and best practices. Their failure to discipline Defendant Hall and DOES 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference, the use of excessive and the fabrication of official reports to cover up the Defendant officer and DOES 1-25's inclusive, misconduct.

22. Plaintiff is informed, believes and thereon alleges that members of the Town of Danville Police Department and/or County of Contra Costa Sheriff's Department, including, but not limited to Defendant Hal and Does 1-25 inclusive and/or each of them, have individually and/or while acting in concert with one another used excessive, arbitrary and/or unreasonable force against Laudemer Arboleda.

23. Plaintiff is further informed, believe and therein allege that as a matter of official policy –

rooted in an entrenched posture of deliberate indifference to the constitutional rights of persons who live, work or visit the Town of Danville, the TOWN and/or COUNTY has allowed persons to be abused by its Police Officer/Deputy Sheriff's including Defendant Hall and Does 1-25 and/or each of them, individually and/or while acting in concert with one another.

24. Plaintiff is informed, believes and therein alleges that Town of Danville Police Department and/or County of Contra Costa exhibits a pattern and practice of using excessive force against citizens and despite these incidents, none of the Officers are ever found in violation of department policy, even under the most questionable of circumstances.  Danville Police Department's and/or County of Contra Costa Sheriff's Department failure to discipline or retrain Defendant Hall is evidence of an official policy, entrenched culture and posture of deliberate indifference toward protecting citizen's rights and the resulting deaths and injuries is a proximate result of the Danville Police Department and/or County of Contra Costa Sheriff's Department's failure to properly supervise its Officers and ratify their unconstitutional conduct.

25. Plaintiff is informed, believes and therein alleges that City of Danville and/or County of Contra Costa knew, had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

26. Plaintiff is ignorant of the true names and capacities of Defendant Deputies DOES 1 Through 25, inclusive, and therefore sue these Defendants by such fictitious names.  Plaintiff is informed, believes, and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein.  Plaintiff will amend their complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## DAMAGES

27. As a proximate result of Defendants' conduct, Plaintiff was mentally and emotionally injured and damaged, including but not limited to Plaintiff's loss of familial relations, Decedent's society, comfort, protection, companionship, love, affection, solace, and moral support as a consequence of Defendants' violation of Plaintiff's federal civil rights under 42 U.S.C. § 1983 and the Fourteenth Amendment.

28. Plaintiff, as successor-in-interest to Decedent, LAUDEMER ARBOLEDA, is entitled to Recover damages pursuant to the Decedent's right of survivorship for the pain and suffering Decedent endured as a result of the violation of Decedent's civil rights.

29. Plaintiff found it necessary to engage the services of private counsel to vindicate the Decedent and Plaintiff's rights under the law. Plaintiff is entitled to an award of reasonable attorney's fees and/or costs pursuant to statute(s) in the event that Plaintiff is the prevailing parties in this action under 42 U.S.C. Sections 1983, 1985, 1986, and 1988.

30. The conduct of the Defendant Police Officers was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against said Defendant Officers.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourth Amendment –Survival Action - Excessive Force under 42 U.S.C. Section 1983)**
*(*Plaintiff as Successor-in-Interest to Decedent LAUDEMER ARBOLEDA Against Defendant Hall*)*

31. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 30 of this Complaint.

32. When Officer Hall unlawfully shot and killed Decedent without lawful justification or warning, he deprived Decedent of his right to be secure in his person against

unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution. The Defendant Officers' actions were excessive and unreasonable, especially because decedent was unarmed and not suspected of any crime at the time he was pursed and gunned down. Decedent was forced to endure conscious pain and suffering from the deadly wound caused by Defendant Officer's conduct.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(Fourteenth Amendment – Violations of Plaintiff's**
**Right to Familial Relationship under 42 U.S.C. Section 1983)**
(Plaintiff individually Against Defendant Hall)

33. Plaintiff hereby re-alleges and incorporate by reference herein paragraphs 1 through 32 of this Complaint.

34. Defendant acted under color of state law, and without due process of law, deprived Plaintiff of her right to a familial relationship with her son, by seizing Decedent by use of unreasonable and unjustifiable deadly force causing injuries that resulted in Decedent's death in violations of their rights secured by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(Negligence)**
(Plaintiff as Successor-in-Interest to Decedent LAUDEMER ARBOLEDA Against HALL and DOES 1-25 inclusive)

35. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 34 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

36. Defendant Hall and DOES 1-25 inclusive, by and through their respective agents and

employees, caused the injuries to Laudemer Arboleda, as a result of their negligent conduct and/or negligent failure to act as set-forth herein, including, but not limited to: failure to use proper tactics and/or employ reasonable police procedures and/or use appropriate force.

37. As an actual and proximate result of said defendants' negligence, Plaintiff sustained pecuniary loss and pain and suffering, in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**(Violation of Right To Enjoy Civil Rights)**
**(Violation of CALIFORNIA CIVIL CODE §52.1)**
(Plaintiff as Successor-in-Interest to Decedent LAUDEMER ARBOLEDA Against Defendant Hall and DOES 1-25)

38. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37 of this Complaint.

39. Defendant DOES' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Joshua Robertson's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
**(Battery)**
(Plaintiff as Successor-in-Interest to Decedent LAUDEMER ARBOLEDA Against Hall and DOES 1-25 inclusive)

40. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 39 of this complaint.

41. Defendants' above-described conduct constituted a battery.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

42. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum to be proven at trial;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages in a sum according to proof;

4. For reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and § 794 (a);

5. Any and all permissible statutory damages;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

September 10, 2019                    **Law Offices of John L. Burris**

                                                                           **  /s/  John L. Burris**
                                                                          John L. Burris
                                                                          Attorneys for Plaintiff