1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**JOHN L. BURRIS, Esq., SBN 69888**
**ADANTE D. POINTER, Esq., SBN 236229**
**MELISSA NOLD, Esq., SBN 301378**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport St., Suite 1120
Oakland, California 94621
Telephone:      (510) 839-5200
Facsimile:      (510) 839-3882
John.Burris@johnburrislaw.com
Adante.Pointer@johnburrislaw.com
Melissa.Nold@johnburrislaw.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEANNIE ATIENZA, individually and as co-
successor-in-interest to Decedent
LAUDEMER ARBOLEDA; and PHILLIP
ARBOLEDA, individually and as co-
successor-in-interest to Decedent
LAUDEMER ARBOLEDA,

              Plaintiffs,

v.

ANDREW HALL, individually; and DOES 1-
50, inclusive.

              Defendants.

Case No.: 3:19-cv-03440 RS

SECOND AMENDED COMPLAINT


<u>JURY TRIAL DEMANDED</u>

## <u>INTRODUCTION</u>

1.   This civil rights and wrongful death action arises out of the November 3, 2018 officer

involved shooting of Laudemer Arboleda. On the date of the incident, yet-to-be-identified

Danville Police Officers responded to a call about an unfamiliar "suspicious" person of color

approaching homes in the upscale Town of Danville. Police received no reports of criminal activity related to the unknown man. When officers arrived, they saw Mr. Arboleda inside of his car, not committing any crime or infraction. Mr. Arboleda lawfully drove away from the area. For unknown reasons, officers pursued Mr. Arboleda as he drove away, even though he was not suspected of committing any crime or infraction.

2.   After declining multiple attempts at consensual contact by Danville Police Officers, Mr. Arboleda brought his car to a stop as he neared an intersection. Two Danville Police Officers tried to block his path by placing their cars in front of Mr. Arboleda's car. However, the Officers left a gap between their cars just large enough for Mr. Arboleda to drive through without striking the cars or any pedestrians.  As Mr. Arboleda slowly drove his car through the gap, Danville Police Officer Andrew Hall got out of his car, walked toward the gap and inexplicably opened fire as Mr. Arboleda's car was passing him. Officer Hall shot multiple rounds into the moving car, in the middle of a heavily populated intersection, on a Saturday afternoon and continued to fire his weapon even after the car had passed his location. Mr. Arboleda was struck with multiple bullets, causing his car to foreseeably careen out of control and strike multiple cars. Tragically, Mr. Arboleda died from his injuries.

3.   Mr. Arboleda leaves behind a grieving mother and father, who bring this present action for violations of state and federal law.

## JURISDICTION

4.   This action arises under Title 42 of the United States Code, Section 1983. The unlawful acts and practices alleged herein occurred in the Town of Danville, County of Contra Costa, California, which is within this judicial district. Title 28 United State Code Section 1391 (b) confers venue upon this Court.

## **PARTIES**

5.   Decedent, LAUDEMER ARBOLEDA was unmarried and did not have any children at the time of his death.

6.   Plaintiff, JEANNIE ATIENZA, sues in her individual capacity as Decedent's mother and in representative capacity as co-successor-in-interest to Decedent pursuant to California Code of Civil Procedure Sections 377.30 and 377.60.

7.   Plaintiff, PHILLIP ARBOLEDA, sues in his individual capacity as Decedent's father and in representative capacity as co-successor-in-interest to Decedent pursuant to California Code of Civil Procedure Sections 377.30 and 377.60. Plaintiff ARBOLEDA resides in the State of Texas and is not currently represented by counsel.

8.   Defendant, ANDREW HALL was, and at all times mentioned herein, is a police officer for the Town of Danville and/or County of Contra Costa and is sued in his individual capacity.

9.   Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth.  Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control and in violation of public policy.  Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiff will ask leave to amend this complaint subject to further discovery.

10. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment for the Town of Danville and/or County of Contra Costa.

11. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

12. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

13. Plaintiff JEANNIE ATIENZA timely filed a Government Tort Claim, which was rejected on December 17, 2018.

## STATEMENT OF FACTS

14. On November 3, 2018, at approximately 11:00 a.m., an unknown person called the Danville Police Department to report a man of color acting 'suspiciously' near Cottage Lane and Laurel Drive, in the upscale Town of Danville, California. The caller did not report any criminal activity whatsoever and reportedly observed an unfamiliar man approaching houses with packages.

15. Danville Police Officers responded to the scene and found Mr. Laudemer Arboleda in his car. Officers did not observe Mr. Laudemer commiting any crime or infraction and he was not wanted or suspected of commiting any crime. Mr. Arboleda declined to speak to officers and lawfully drove away from them in his registered vehicle. Nevertheless, Danville Police Officers continued to try and make consensual contact with Mr. Arboleda multiple times, but Mr. Arboleda declined to stop and speak to the officers, as was his right.

16. Without cause, Danville Police Officers decided to pursue Mr. Arboleda down a populated street in the middle of a Saturday afternoon. Indeed, an Officer stated over the radio they had no lawful basis to stop and/or detain him. Mr. Arboleda was undoubtedly frightened by

the unyielding intensity of the police pursuit of his car and started driving his car in a manner to get away and evade further police contact.

17. Mr. Arboleda slowly brought his car to a complete stop as he neared the intersection of Front Street and Diablo Road. As he was waiting for the stop light to turn green, several Danville Police cars surrounded his car. Consistent with his prior conduct, Mr. Arboleda tried to slowy drive away. At or about that time, two Danville police cars pulled directly infront of him and tried to block his path. However, the police cars were stopped in such a way that they left a gap between them that was large enough for Mr. Arboleda's car to drive through without striking either of the cars.

18. Officer Andrew Hall was driving one of the two police cars and just as soon as he brought his car to a stop, he immediately got out and drew his gun. Just as Mr. Arboleda attempted to slowly drive between the two patrol cars, Danville Police Officer Andrew Hall left the safety of his patrol car and stepped toward the gap. Inexplicablt, he opened fire shooting multiple bullets into Mr. Arboleda's car as it passed him by. Nevertheless, Officer Hall continued to fire, even after the vehicle had safely passed him. Officer Hall's actions were contraindicated, as shooting into moving cars violated Department policy, Officer Halls' training and logic.

19. Mr. Arboleda was struck multiple times, causing his car to foreseeably careen out of control and strike multiple vehicles. Fortunately, no other people were killed during this reckless one-sided shootout. Tragically, Mr. Arboleda died as a result of multiple gunshot wounds.

20. Plaintiffs are informed and believes and thereon allege that Defendant Hall was not disciplined or retrained as a result of this incident.

21. Plaintiffs are ignorant of the true names and capacities of Defendant Deputies DOES 1

through 25, inclusive, and therefore sue these Defendants by such fictitious names.  Plaintiffs are informed, believes, and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein.  Plaintiffs will amend their complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## **DAMAGES**

22. As a proximate result of Defendants' conduct, Plaintiffs were mentally and emotionally injured and damaged, including but not limited to Plaintiffs' loss of familial relations, Decedent's society, comfort, protection, companionship, love, affection, solace, and moral support as a consequence of Defendants' violation of Plaintiffs' federal civil rights under 42 U.S.C. § 1983 and the Fourteenth Amendment.

23. Plaintiffs, as successor-in-interest to Decedent, LAUDEMER ARBOLEDA, are entitled to recover damages pursuant to the Decedent's right of survivorship for the pain and suffering Decedent endured as a result of the violation of Decedent's civil rights.

24. Plaintiffs found it necessary to engage the services of private counsel to vindicate the Decedent and Plaintiffs' rights under the law. Plaintiffs are entitled to an award of reasonable attorney's fees and/or costs pursuant to statute(s) in the event that Plaintiffs are the prevailing parties in this action under 42 U.S.C. Sections 1983, 1985, 1986, and 1988.

25. The conduct of the Defendant Police Officers was malicious, wanton, and oppressive. Plaintiffs are therefore entitled to an award of punitive damages against said Defendant Officers.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourth Amendment –Survival Action - Excessive Force under 42 U.S.C. Section 1983)**
*(*Plaintiffs as Co-Successors-in-Interest to Decedent LAUDEMER ARBOLEDA Against Defendant Hall*)*

26. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 25 of this Complaint.

27. When Officer Hall unlawfully shot and killed Decedent without lawful justification or warning, he deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution. The Defendant Officers' actions were excessive and unreasonable, especially because decedent was unarmed and not suspected of any crime at the time he was pursed and gunned down. Decedent was forced to endure conscious pain and suffering from the deadly wound caused by Defendant Officer's conduct.

WHEREFORE, Plaintiffs prays for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(Fourteenth Amendment – Violations of Plaintiffs'
Right to Familial Relationship under 42 U.S.C. Section 1983)**
(Plaintiffs, individually Against Defendant Hall)

28. Plaintiffs hereby re-alleges and incorporate by reference herein paragraphs 1 through 27 of this Complaint.

29. Defendant acted under color of state law, and without due process of law, deprived Plaintiffs of her right to a familial relationship with her son, by seizing Decedent by use of unreasonable and unjustifiable deadly force causing injuries that resulted in Decedent's death in violations of their rights secured by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### (Negligence)

(Plaintiffs as Co-Successors-in-Interest to Decedent LAUDEMER ARBOLEDA Against HALL and DOES 1-25 inclusive)

30. Plaintiffs re-alleges and incorporates by reference herein paragraphs 1 through 29 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

31. Defendant Hall and DOES 1-25 inclusive, by and through their respective agents and employees, caused the injuries to Laudemer Arboleda, as a result of their negligent conduct and/or negligent failure to act as set-forth herein, including, but not limited to: failure to use proper tactics and/or employ reasonable police procedures and/or use appropriate force.

32. As an actual and proximate result of said defendants' negligence, Plaintiffs sustained pecuniary loss and pain and suffering, in an amount according to proof at trial.

WHEREFORE, Plaintiffs prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
### (Violation of Right To Enjoy Civil Rights)
### (Violation of CALIFORNIA CIVIL CODE §52.1)

(Plaintiffs as Co-Successors-in-Interest to Decedent LAUDEMER ARBOLEDA Against Defendant Hall and DOES 1-25)

33. Plaintiffs re-alleges and incorporates by reference paragraphs 1 through 32 of this Complaint.

34. Defendant DOES' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Joshua Robertson's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State

of California, in violation of California Civil Code §52.1.

WHEREFORE, Plaintiffs prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### (Battery)

**(Plaintiffs as Co-Successors-in-Interest to Decedent LAUDEMER ARBOLEDA Against Hall and DOES 1-25 inclusive)**

35. Plaintiffs re-alleges and incorporates by reference paragraphs 1 through 34 of this complaint.

36. Defendants' above-described conduct constituted a battery.

WHEREFORE, Plaintiffs prays for relief as hereinafter set forth.

## JURY DEMAND

37. Plaintiffs hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs prays for relief, as follows:

1.    For general damages in a sum to be proven at trial;

2.    For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3.    For punitive damages against Officer Hall in a sum according to proof;

4.    For updated training and/or retraining for all Danville Police Department and Contra Costa Sheriff's Department patrol officers on the known danger of shooting into moving cars;

5.    For reasonable attorney's fees pursuant to 42 U.S.C. § 1988 and § 794 (a);

6.      Any and all permissible statutory damages;

7.      For cost of suit herein incurred; and

8.      For such other and further relief as the Court deems just and proper.

January 15, 2020                          **Law Offices of John L. Burris**


                                          ___**/s/  John L. Burris**_____
                                          John L. Burris
                                          Attorneys for Plaintiffs