**JOHN L. BURRIS, Esq. SBN 69888**
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com

**ADANTE POINTER, ESQ., SBN 236229**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Suite 1140,
Oakland, CA 94612
Tel: 510-929-5400
Email: APointer@LawyersFTP.com

**MELISSA C. NOLD, Esq. SBN 301378**
NOLD LAW
Russo Building
521 Georgia Street
Vallejo, California 94590
Telephone: (707)644-4004
melissa@noldlaw.com

Attorneys for Plaintiff

**SHARON L. ANDERSON, County Counsel (SBN 94814)**
**D. CAMERON BAKER, Deputy County Counsel (SBN 154432)**
651 Pine Street, Ninth Floor
Martinez, California 94553
Telephone: (925) 655-2280
Facsimile: (925) 655-2266
Electronic Mail: cameron.baker@cc.cccounty.us

Attorney for Defendant ANDREW HALL

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEANNIE ATIENZA, individually and as co-successor-in-interest to Decedent LAUDEMER ARBOLEDA; and PHILLIP ARBOLEDA, individually and as co-successor-in-interest to Decedent LAUDEMER ARBOLEDA<br><br>　　　　Plaintiffs,<br><br>v.<br><br>ANDREW HALL, individually; and DOES 1-50, inclusive.<br><br>　　　　Defendants. | Case No.: 3:19-cv-03440<br><br>UPDATED FURTHER CASE MANAGEMENT CONFERENCE STATEMENT<br><br>Conference Date:　October 8, 2020<br>Time:　10:00 a.m.<br>Courtroom:　Courtroom 3, 17th Fl.<br>Judge:　Hon. Richard Seeborg<br>Via Courtcall |

　　　　The parties to the above-entitled action jointly submit this updated JOINT CASE MANAGEMENT STATEMENT pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9.

**1. Update re Factual Discovery**

　　　　Plaintiff's Position:

　　　　Since the court issued its Order granting Plaintiff's request to extend fact discovery Plaintiff has been working to schedule depositions, an inspection of the decedent's Honda he was driving at the time he was killed and the production of certain video and/or audio items of discovery.

　　　　Defendant's Position:

　　　　Defendant has, at Plaintiff's request, re-produced numerous records that were previously lost by Plaintiff's counsel. Unfortunately, this has required Defendant's counsel to devote his time and that of his paralegal to this task. This task is nearly completed.

Defendant's counsel has also been diligently working with Plaintiff's counsel to schedule depositions. Because most of the witnesses sought by Plaintiff are employees of Contra Costa County, this process has been complicated and time-consuming for Hall's counsel. Recently, a Settlement Conference was re-scheduled *sua sponte* by the Court in a different matter to October 5. As a consequence, two depositions previously set for that date have to be re-scheduled.

**Depositions:**

Plaintiff's Position:

To date, a number of depositions have been calendared however, Defendant recently advised that he has limited availability in October and needed to reschedule previously scheduled depositions that were set for October 5, 2020. Thereafter, Defendant proposed amending the pre-trial schedule so as to allow for additional time to complete fact discovery due to his limited availability. At no point in time was there any mention of the underlying criminal investigation of Defendant Hall, which is being conducted by the County, being a consideration or basis for an extension of fact discovery or moving any of the other pre-trial dates. As of today's date, the following depositions are on calendar:

| Deponent | Date | Time |
|---|---|---|
| Randy Arboleda | 10/02/20 | 10:00 am |
| Jennifer Leong | 10/02/20 | 1:30 am |
| Def Andrew Hall | 10/13/20 | 9:00 am |
| Deputy Muller | 10/13/20 | 3:00 pm |
| Katie Polony | 10/14/20 | 9:00 am |
| Ron Dominguez | 10/14/20 | 1:00 pm |
| Elsa Cerventes | 10/15/20 | 9:00 am |
| Jerald Walker | 10/15/20 | 1:00 pm |
| Sgt. Martin | 10/16/20 | 10:00 am |
| Deputy Maka | 10/16/20 | 1:00 pm |
| Deputy Caruso | 10/16/20 | 3:00 pm |

In addition, Plaintiff has noticed and intends to take depositions of the following witnesses:

1. Ride Along Slaughter and Deputy Ingersoll;
2. (2) County witnesses regarding Defendant Hall's training concerning the use of deadly force and making car stops.

Defendant Hall's Position:

Despite the impediments to scheduling depositions, including pre-existing conflicts, the parties have been able to schedule many, but not all of the depositions sought by Plaintiff. At this juncture, the parties still need to schedule the depositions of Detective Matthew Ingersoll, Madison Slaughter, and Contra Costa County (on two topics).

**Defendant Hall's Deposition:**

Plaintiff's Position:

Today, it was brought to Plaintiff's attention that Defendant Hall is concerned about being deposed due to the status of the Contra Costa County District Attorney's criminal investigation into the underlying incident. Defendant represents that the District Attorney's decision to prosecute Defendant Hall is forthcoming and may be issued by November 1, 2020. The criminal investigation has been ongoing for close to two years and the Defendant never raised this as a barrier to being deposed. It is Plaintiff's position the Defendant can simply plead the fifth at his deposition and/or trial as neither party in this instant litigation control when and whether the District Attorney will in fact render a decision by the reported November 1, 2020 date. To continue the trial date based upon the idea a decision is supposedly forthcoming is unduly prejudicial to Plaintiff.

Defendant Hall's Position:

This past Monday, in the course of attempting to schedule the deposition of District Attorney Senior Inspector Michael Morley, which was requested by Plaintiff but mysteriously dropped in the course of preparing this CMC statement, Hall learned that the District Attorney's Office objected to the deposition of Senior Inspector Morley at this time as that office has not yet

closed its investigation into the underlying incident. Until that time, Hall was not aware that the District Attorney's investigation had not been closed  Today (October 1), Hall learned that the decision respecting whether to close this investigation should be made on or before November 1, 2020. As discussed below, because of Fifth Amendment issues, Hall's deposition needs to be postponed in light of the still-open District Attorney investigation.

**Inspection of Decedent's Honda:**

Plaintiff noticed but Defendant has not yet confirmed a date and time for the inspection of Decedent's Honda.

**(Re) Production of Discovery Materials:**

Plaintiff's Position:

Defendant recently produced some of the underlying video and audio materials which were referred to in the County's investigatory reports. Plaintiff paid for the production of the materials and is awaiting an invoice from the Defendant reflecting this charge. Defendant has balked at furnishing an invoice and/or receipt for the charge. Plaintiff continues to await the production of the remaining materials.

Defendant Hall's Position:

The referenced materials were re-produced to Plaintiff after the original production was lost by Plaintiff's counsel. Hall has only charged Plaintiff $400 for two hours of paralegal time for this re-production even though the paralegal expended much more time. Hall objects to having to devote additional time to preparing the invoice. Further, when Hall questioned why Plaintiff's counsel would need an invoice, the response was so that counsel could bill his client. Hall respectfully suggests that it is inappropriate to charge Plaintiff for costs incurred solely as the result of the negligence of counsel.

2. Scheduling Issues

    Plaintiff's Position:

    The parties have met and conferred regarding the current pre-trial and trial schedule. Plaintiff is willing to agree to an additional modification of the pre-trial schedule by extending the non-expert discovery deadline from October 16, 2020 to November 1, 2020 in order to accommodate the Defendant's limited availability. Likewise, Plaintiff proposes setting the expert rebuttal deadline for December 4, 2020 with the close of expert discovery continued to December 18, 2020. Plaintiff does not believe any additional modifications to the pre-trial and/or trial schedule are necessary. Furthermore, Plaintiff does not believe the status of expert discovery is a hindrance to Defendant preparing his anticipated dispositive motion as an expert cannot create a material dispute of fact nor resolve one.

    Plaintiff is amenable to reworking the pre-trial dates however, she is staunchly opposed to moving the trial date.

    Defendant Andrew Hall's Position:

    Despite the diligence of the parties, it has proven impossible to complete fact discovery within the extended fact discovery period.  Currently, there are four depositions that cannot be completed prior to October 16.  In addition, Hall's deposition needs to be postponed until after the District Attorney's Office announces whether it will close its investigation or not.  Hall understands that this decision should be made on or before November 1.  In light of this issue and others, Hall requests that the Court extend fact discovery until November 20, 2020 and make conforming changes to the remaining schedule, which result in a trial date of May 31, 2021. There is good cause to grant this short extension of fact discovery and related changes in the case schedule.

As indicated above, Hall was not aware until recently that the District Attorney's investigation remains open. Because the investigation is still open, if Hall is deposed now, he must decide whether to invoke his Fifth Amendment rights at that deposition. If he does invoke those rights, the Court could draw an adverse inference against him. If he does not, he jeopardizes his ability to assert his Fifth Amendment rights later. If the Court extends fact discovery until after the District Attorney's decision, which is anticipated to occur on November 1, 2020, Hall would not face this "lose-lose" situation. Plaintiff has no valid basis to oppose this short extension, which would not prejudice her.

In addition, Plaintiff's proposed two-week extension of fact discovery is inadequate for other reasons. Defendant's counsel has prior hard commitments for every day of that period except one (October 20). Even as to that date, he has other obligations. As Plaintiff did not disclose this two-week extension of fact discovery during the meet and confer, these prior conflicts were not discussed by the parties.

There is also good cause to amend the current case schedule generally because it is impractical and unworkable. Under the current schedule, expert discovery is to be completed on December 11, which is the date after Hall must file his summary judgment motion (December 10). This makes no sense and is contrary to the parties' decision to schedule expert discovery before summary judgment. Ironically, Plaintiff's proposed extension of expert discovery to December 18 only exacerbates this problem. The current schedule is also fails to provide adequate time for the Court to rule on Hall's summary judgment motion and the parties to respond to that ruling. Under the present schedule, there is less than a month from the hearing date on that motion and the pre-trial conference.

To address these issues, Defendant proposes the following revised schedule:

| Event | Current Date | Proposed Date |
|---|---|---|
| Close of fact discovery: | October 16, 2020 | November 20, 2020 |
| Initial Expert Reports: | November 11, 2020 | December 9, 2020 |
| Rebuttal Expert Disclosure: | None | December 23, 2020 |
| Close of expert discovery: | December 11, 2020 | January 22, 2021 |
| Deadline to file dispositive motions: | December 10, 2020 | February 25, 2021 |
| Deadline to hear dispositive motions: | January 14, 2021 | April 1, 2021 |
| Pretrial conference: | February 10, 2021 | May 10, 2020 |
| Trial: | February 22, 2021 | May 31, 2020 |

Dated: October 1, 2020        */s/ Adante D. Pointer*
        Counsel for Plaintiff JEANNIE ATIENZA

Dated: October 1, 2020        */s/ D. Cameron Baker*
        D. CAMERON BAKER, Deputy County Counsel
        Counsel for Defendant ANDREW HALL