SHARON L. ANDERSON (SBN 94814)
County Counsel
D. CAMERON BAKER (SBN 154432)
Deputy County Counsel
COUNTY OF CONTRA COSTA
1025 Escobar Street, Third Floor
Martinez, California 94553
Telephone:    (925) 655-2280
Facsimile:    (925) 655-2266
Electronic Mail: cameron.baker@cc.cccounty.us

Attorneys for Defendant ANDREW HALL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNIE ATIENZA, indiviually and as successor-in-interest to Decedent LAUDEMER ARBOLEDA,<br><br>Plaintiff,<br><br>v.<br><br>TOWN OF DANVILLE, a municipal corporation; COUNTY OF CONTRA COSTA, a municipal corporation; ANDREW HALL, individually and in his capacity as a City of Danville Police Officer; and DOES 1-50 inclusive,<br><br>Defendants. | No. C19-03440 RS<br><br>AMENDED ANSWER OF DEFENDANT ANDREW HALL TO FOURTH AMENDED COMPLAINT<br><br>Crtrm:  3, 17th Floor<br>Judge:  Hon. Richard Seeborg, Presiding<br>Date Action Filed: June 17, 2019<br>Trial Date:  None Assigned |

Defendant Andrew Hall ("Hall" or "Defendant"), in response to Plaintiff Jeannie Atienza's Fourth Amended Complaint, admits, denies, and raises affirmative defenses as hereinafter set forth:

## I. JURISDICTION and VENUE

1. Answering Paragraph 1 of Plaintiff's Fourth Amended Complaint, Defendant admits that Laudemer Arboleda was shot on November 3, 2018 in the Town of Danville and that Mr. Arboleda was the subject of a police pursuit after Mr. Arboleda committed violations of state law. Defendant lacks sufficient information or belief sufficient to admit or deny the

remaining allegations of this paragraph and therefore, based on a lack of information or belief, denies said allegations.

2. Answering Paragraph 2 of Plaintiff's Fourth Amended Complaint, Defendant admits that he heard reports that Mr. Arboleda was fleeing from police officers, that Mr. Arboleda drove his vehicle in such a manner as to cause Defendant to fear for his safety and the safety of others, that Defendant in fear for his safety and the safety of others discharged his firearm multiple times, one of which was fatal, and that following the discharge of Defendant's firearm, Mr. Arboleda's vehicle continued forward until it hit another vehicle. Defendant denies the remaining allegations of this paragraph.

3. Answering Paragraph 3 of Plaintiff's Fourth Amended Complaint, Defendant lacks information or belief sufficient to admit or deny the allegations that Mr. Arboleda's father and mother are still living and, therefore, based on a lack of information or belief, denies those allegations.  Defendant denies the remaining allegations in this paragraph.

4. Answering Paragraph 4 of Plaintiff's Fourth Amended Complaint, Defendant admits that Plaintiff asserts federal claims against Defendant under 42 U.S.C. section 1983, that the alleged acts took place in Danville, CA, and that venue is proper in this court. Defendant denies the remaining allegations in this paragraph, if any.

5. Answering Paragraph 5 of Plaintiff's Fourth Amended Complaint, Defendant lacks sufficient information or belief sufficient to admit or deny the allegations of this paragraph and therefore, based on a lack of information or belief, denies said allegations.

6. Answering Paragraph 6 of Plaintiff's Fourth Amended Complaint, Defendant lacks sufficient information or belief sufficient to admit or deny the allegations of this paragraph and therefore, based on a lack of information or belief, denies said allegations.

7. Answering Paragraph 7 of Plaintiff's Fourth Amended Complaint, Defendant lacks sufficient information or belief sufficient to admit or deny the allegations of this paragraph and therefore, based on a lack of information or belief, denies said allegations.

//
//

1    8.    Answering Paragraph 8 of Plaintiff's Fourth Amended Complaint, Defendant lacks sufficient information or belief sufficient to admit or deny the allegations of this paragraph and therefore, based on a lack of information or belief, denies said allegations.

9.    Answering Paragraph 9 of Plaintiff's Fourth Amended Complaint, Defendant admits that at the time of the incident, he was a Contra Costa County Deputy Sheriff assigned to work in the Town of Danville and that he is sued in his individual capacity.  Defendant denies the remaining allegations of this paragraph.

10.    Answering Paragraph 10 of Plaintiff's Fourth Amended Complaint, Defendant lacks sufficient information or belief sufficient to admit or deny the allegations of this paragraph and therefore, based on a lack of information or belief, denies said allegations.

11.    Answering Paragraph 11 of Plaintiff's Fourth Amended Complaint, Defendant admits that his alleged actions were taken while on duty, in uniform and driving a marked police vehicle and denies the remaining allegations of this paragraph.

12.    Answering Paragraph 12 of Plaintiff's Fourth Amended Complaint, Defendant admits that his alleged actions were taken while on duty, in uniform and driving a marked police vehicle and denies the remaining allegations of this paragraph.

13.    Answering Paragraph 13 of Plaintiff's Fourth Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations of this paragraph and, therefore, based on a lack of information or belief, denies said allegations.

14.    Answering Paragraph 14 of Plaintiff's Fourth Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations of this paragraph and, therefore, based on a lack of information or belief, denies said allegations.

15.    Answering Paragraph 15 of Plaintiff's Fourth Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations of this paragraph and, therefore, based on a lack of information or belief, denies said allegations.

16.    Answering Paragraph 16 of Plaintiff's Fourth Amended Complaint, Defendant lacks sufficient information to admit or deny the allegations of this paragraph and, therefore, based on a lack of information or belief, denies said allegations.

17. Answering Paragraph 17 of Plaintiff's Fourth Amended Complaint, Defendant denies the allegations of this paragraph.

18. Answering Paragraph 18 of Plaintiff's Fourth Amended Complaint, Defendant denies the allegations of this paragraph.

19. Answering Paragraph 19 of Plaintiff's Fourth Amended Complaint, Defendant admits that he saw Mr. Arboleda driving towards him, and fearing for his safety and that of others discharged his firearm, causing Mr. Arboleda to be struck by one or more bullets. Defendant denies the remaining allegations of this paragraph.

20. Answering Paragraph 20 of Plaintiff's Fourth Amended Complaint, Defendant admits that Mr. Arboleda died as a result of being shot by Defendant and denies the remaining allegations of this paragraph.

21. Answering Paragraph 21 of Plaintiff's Fourth Amended Complaint, Defendant denies the allegations of this paragraph.

22. Answering Paragraph 22 of Plaintiff's Fourth Amended Complaint, Defendant denies the factual allegations of this paragraph, if any.

23. Answering Paragraph 23 of Plaintiff's Fourth Amended Complaint, Defendant denies the allegations of this paragraph.

24. Answering Paragraph 24 of Plaintiff's Fourth Amended Complaint, Defendant denies the allegations of this paragraph.

25. Answering Paragraph 25 of Plaintiff's Fourth Amended Complaint, Defendant denies the allegations of this paragraph.

26. Answering Paragraph 26 of Plaintiff's Fourth Amended Complaint, Defendant denies the allegations of this paragraph.

27. Answering Paragraph 27 of Plaintiff's Fourth Amended Complaint, Defendant incorporates by reference his responses to Paragraphs 1 through 26 of the Fourth Amended Complaint as if fully set forth.

28. Answering Paragraph 28 of Plaintiff's Fourth Amended Complaint, Defendant denies the allegations of this paragraph.

29. Answering Paragraph 29 of Plaintiff's Fourth Amended Complaint, Defendant incorporates by reference his responses to Paragraphs 1 through 28 of the Fourth Amended Complaint as if fully set forth.

30. Answering Paragraph 30 of Plaintiff's Fourth Amended Complaint, Defendant denies the allegations of this paragraph.

31. Answering Paragraph 31 of Plaintiff's Fourth Amended Complaint, Defendant incorporates by reference his responses to paragraphs 1 through 30 as if fully set forth.

32. Answering Paragraph 32 of Plaintiff's Fourth Amended Complaint, Defendant denies the allegations of this paragraph.

33. Answering Paragraph 33 of Plaintiff's Fourth Amended Complaint, Defendant denies the allegations of this paragraph.

34. Answering Paragraph 34 of Plaintiff's Fourth Amended Complaint, Defendant incorporates by reference his responses to paragraphs 1 through 33 as if fully set forth.

35. Answering Paragraph 35 of Plaintiff's Fourth Amended Complaint, Defendant denies the allegations of this paragraph.

36. Answering Paragraph 36 of Plaintiff's Fourth Amended Complaint, Defendant incorporates by reference his responses to paragraphs 1 through 35 as if fully set forth.

37. Answering Paragraph 37 of Plaintiff's Fourth Amended Complaint, Defendant denies the allegations of this paragraph.

38. Answering Paragraph 38 of Plaintiff's Fourth Amended Complaint, Defendant responds that this paragraph does not contain any factual allegations.

## **AFFIRMATIVE DEFENSES**

1. Further answering the Fourth Amended Complaint and the separate causes of action thereof, and as a separate and distinct affirmative defense thereto, Defendant alleges that at all times herein mentioned, all actions taken by Defendant were reasonable under the circumstances and taken under a good faith belief that the actions were lawful, and Defendant is, therefore, immune under the Good Faith Immunity Doctrine.

//

2. Further answering the Fourth Amended Complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, Defendant alleges that said Fourth Amended Complaint fails to state facts sufficient to constitute a cause of action against said answering Defendant.

3. Further answering the Fourth Amended Complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, Defendant alleges that he is immune from liability and cannot be held liable for any injury that may have been sustained by Plaintiff, which injury Defendant specifically denies, and that Defendant was at all relevant times performing duties in an objectively reasonable manner, within lawful responsibilities, and is, therefore, immune from suit.

4. Further answering the Fourth Amended Complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, Defendant alleges that Plaintiff's action is barred by the equitable doctrines of laches, estoppel, and waiver, in that Plaintiff unreasonably delayed in taking action and/or making the claims alleged in this lawsuit with respect to the events alleged in the Fourth Amended Complaint, even though she knew or should have known in the exercise of reasonable diligence of the injuries and causes of injuries alleged in the Fourth Amended Complaint.

5. Further answering the Fourth Amended Complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, Defendant alleges that Plaintiff failed to mitigate her damages, and said damages are reduced or eliminated in proportion to said failure to mitigate.

6. Further answering the Fourth Amended Complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, Defendant alleges that at all relevant times alleged in the Fourth Amended Complaint, Defendant acted reasonably and in good faith under all the circumstances known to him, and not in violation of any clearly established right of Plaintiff or Mr. Arboleda of which a reasonable official in the Defendant's position would have known and Defendant is, therefore, qualifiedly immune from suit herein.

7. Further answering the Fourth Amended Complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, Defendant alleges that Plaintiff and Mr. Arboleda each has acted inequitably and/or have failed to act equitably, and to that extent, Plaintiff's action and/or recovery in this action is barred by the equitable doctrine of unclean hands.

8. Further answering the Fourth Amended Complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, Defendant alleges that Mr. Arboleda was himself negligent and/or acted unlawfully, and that his conduct was a proximate and/or legal cause of his and Plaintiff's alleged damages.

9. Further answering the Fourth Amended Complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, Defendant alleges that in the event that the trier of fact finds any liability on the part of this answering Defendant, which liability is herein denied, this answering Defendant will seek the benefit of several liability for non-economic damages as provided in Civil Code sections 1431-1431.5.

10. Further answering the Fourth Amended Complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, Defendant alleges that if Defendant is adjudged, decreed, or otherwise determined to be liable to Plaintiff, which Defendant denies, Defendant will be entitled to apportion the degree of his fault or responsibility for the acts alleged in the Fourth Amended Complaint attributable to Mr. Arboleda, Plaintiff or to any other defendants named or yet to be named. The amount of damages attributable to answering Defendant is to be abated, reduced, or eliminated to the extent that Mr. Arboleda's or Plaintiff's own negligence or wrongdoing, or the negligence or wrongdoing of any other defendant or third party, contributed to the Plaintiff's claimed damages, if any there were.

11. Further answering the Fourth Amended Complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, Defendant alleges that his acts were not a substantial or proximate cause of any injury to Mr. Arboleda or Plaintiff.

12. Further answering the Fourth Amended Complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, Defendant claims all defenses and immunities provided by the federal statute asserted by Plaintiff in this action and relevant state statutes and regulations.

13. Further answering the Fourth Amended Complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, Defendant alleges that the facts and damages sought are in excess of and different from what was claimed in the claim presented to the County pursuant to Government Code Section 910, and to that extent, the asserted state claims are barred by failure to comply with the claim presentation requirements of the California Government Code, sections 810 and following.

14. Further answering the Fourth Amended Complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, Defendant alleges that the state law claims are barred due to a failure to comply with the claims reporting provisions of Government Code Sections 900 through and including 946.6.

15. Further answering the Fourth Amended Complaint and the separate causes of action thereof, and as a further, separate and distinct affirmative defense thereto, Defendant alleges that he is immune from state civil liability pursuant to the provisions of California Penal Code sections 196 and 835a.

**PRAYER**

WHEREFORE, Defendant prays as follows:

1. That Plaintiff take nothing by the Fourth Amended Complaint;
2. That Plaintiff's Fourth Amended Complaint against him be dismissed in its entirety;
3. For award of costs, attorney fees, and expenses of suit against Plaintiff pursuant to 42 U.S.C. section 1988; and
4. For such other and further relief as justice may require and the law allow.

//
//

**JURY TRIAL DEMAND**

Defendant demands trial by jury in this action on all claims as to which the right to trial by jury attaches.

DATED: March 4, 2021

SHARON L. ANDERSON
COUNTY COUNSEL

By:    */s/ D. Cameron Baker*
      D. CAMERON BAKER
      Deputy County Counsel

Attorneys for Defendant Andrew Hall