**JOHN L. BURRIS, ESQ., SBN 69888**
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Center
7677 Oakport Street, Suite 1120
Oakland, CA 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
Email: John.Burris@johnburrislaw.com

**ADANTE POINTER, ESQ., SBN 236229**
**PATRICK BUELNA, ESQ., SBN 317043**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
Wells Fargo Center
1901 Harrison St., Suite 1140,
Oakland, CA 94612
Tel: 510-929-5400
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com

**MELISSA C. NOLD, ESQ., SBN 301378**
NOLD LAW
521 Georgia Street,
Vallejo, California 94590
Tel: (707)644-4004
Email: melissa@noldlaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNIE ATIENZA, et al.<br><br>　　　　　Plaintiff,<br>v.<br><br>ANDREW HALL, et al.,<br><br>　　　　　Defendants. | CASE NO.: 3:19-cv-03440-RS<br><br>**PLAINTIFFS' NOTICE OF AND MOTION TO CERTIFY DEFENDANTS' INTERLOCUTORY APPEAL AS FRIVOLOUS**<br><br>HON. RICHARD SEEBORG<br><br>Date:　　September 30, 2021<br>Time:　　1:30 p.m.<br>Ctrm:　　Zoom |

**PLEASE TAKE NOTICE** that on September 30, 2021 at 1:30 PM., or as soon as this matter may be heard in front of the Honorable Judge Seeborg, in the United State District Court, Northern District, San Francisco Courthouse, Courtroom 3, Floor 17, 450 Golden Gate Avenue, San Francisco, California, Plaintiff moves to certify as frivolous Defendants' interlocutory appeal challenging the Court's decision denying Qualified Immunity.

## I. INTRODUCTION

Plaintiff moves to certify Defendants' notice of interlocutory appeal regarding the Court's Order denying qualified immunity as frivolous, because the Supreme Court has already explicitly held, and it is well-settled, that district court orders denying qualified immunity on the basis of remaining material factual disputes are not "final", appealable orders. *See Johnson v. Jones*, 515 U.S. 304, 313 (1995) (holding that a district court's denial of qualified immunity relied on a "determination that the summary judgment record in this case raised a genuine issue of fact" was not an appealable "final" order prior to trial).

Plaintiff requests the Court to certify the appeal as frivolous so the pretrial and trial dates remain for her federal claims, which is well within the Court's inherent powers and the basis for the appeal is obviously frivolous. The Court made clear in both its order and at the hearing to Defendants that it would be denying Qualified Immunity due to the remaining material fact disputes that must be resolved by a jury – but Defendants filed the frivolous appeal anyhow.

## II. BRIEF PROCEDURAL HISTORY

On June 3, 2021, Defendants filed a motion for summary judgment. (Doc. 93). On June 17, 2021, Plaintiff filed her opposition to Defendants' motion for summary judgment. On July 29, 2021, the Court held a hearing on the motion and explained that Qualified Immunity would be denied due to the remaining material fact disputes that a jury must resolve. (Doc. 104). On August 4, 2021, the Court issued a written order confirming that it was denying Qualified Immunity due to the remaining material fact disputes that a jury must resolve. (Doc. 105).

On August 16, 2021, Defendants filed a notice of appeal. (Doc. 109). On August 17, 2021, Defendants emailed Plaintiff requesting a stay on the federal claims because Defendants had appealed the "denial of qualified immunity as to the Fourth and Fourteenth Amendment claims". (Buelna

Decl., **Ex. 1** – Email Correspondence). Shortly after, Plaintiff replied that she would be filing a motion to certify the interlocutory appeal as frivolous because the Court "denied Qualified Immunity based on outstanding disputes of fact" and cited to *Johnson v. Jones*, 515 U.S. 304 (1995). (Id.)

For these reasons, Plaintiff filed this motion to certify Defendants' appeal of the Court's denial of qualified immunity as frivolous.

### III.  DEFENDANTS' INTERLOCUTORY APPEAL IS FRIVOLOUS BECAUSE THE DENIAL TURNED ON REMAINING FACT DISPUTES

The Ninth Circuit's jurisdiction to hear an interlocutory appeal from denial of qualified immunity turns on the basis for denial. Under *Johnson*, an order denying qualified immunity on the ground that a **genuine issue of material fact exists is not a final, immediately appealable order**. Maropulos v. Cty. of Los Angeles, 560 F.3d 974, 975 (9th Cir. 2009) citing *Johnson v. Jones*, 515 U.S. 304 (1995); *see also Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 791 (9th Cir. 2018); *and, Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992).

Indeed, the Supreme Court in *Johnson* explicitly distinguished between qualified immunity denials that were based on clearly established law, which may be appealable; and orders denying qualified immunity based on remaining genuine issues of facts – ***which are not subject to interlocutory appeal***. See Johnson v. Jones, 515 U.S. 304, 313 (1995) (holding that a district court's denial of qualified immunity relied on a "determination that the summary judgment record in this case raised a genuine issue of fact" was not an appealable order pre-trial).

Here, the Court explicitly held that the remaining material fact "disputes about the speed and acceleration of the car, as well as the direction of its wheels, preclude a finding at this time that Officer Hall is entitled to qualified immunity." (Court's Order Denying Summary Judgment [MSJ Order], at Doc. 105, p. 10, lines 11-13). Indeed, the Court correctly reasoned:

"As the Supreme Court articulated in *Brusseau*, the inquiry focuses on 'whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.' 543 U.S. at 199 (emphasis added). This fact-intensive, 'particularized' analysis requires a court to compare and contrast the factual situation in the case before it with other excessive force cases. See id. It is impossible to do so, however, when the parties actively disagree about what occurred, and a jury has yet to pass on the question. Because the qualified immunity analysis cannot be performed at this stage of the litigation, Officer Hall is not immune to Plaintiff's Fourth or Fourteenth Amendment claims." (MSJ Order, at p. 10, lines 13-21).

Therefore, Defendants' appeal of this Court's denial of qualified immunity is not a final order and so not appealable – because the denial rested on remaining material fact disputes.

## IV. THIS COURT HAS THE AUTHORITY TO CERTIFY DEFENDANTS' PATENTLY FRIVOLOUS APPEAL, THEREBY PREVENTING UNWARRANTED DISRUPTION AND DELAY OF THE TRIAL

The Court has authority to deem Defendants' appeal as frivolous and/or waived. "If [defendants] wait too long after denial of summary judgment, or if they use claims of immunity in a manipulative fashion, they surrender any entitlement to obtain an appellate decision before trial." *Apostol v. Gallion,* 870 F.2d 1335, 1339 (7th Cir. 1989). "We have no doubt, however, that defendants who play games with the district court's schedule forfeit their entitlement to a pre-trial appeal." (Id.) This rule, stated in *Apostol*, was adopted by the Ninth Circuit in *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992).

In *Chuman v. Wright,* the 9th Circuit adopted the rule of *United States v. LaMere,* 951 F.2d 1106, 1108 (9th Cir. 1991), which addressed interlocutory appeals in the context of double jeopardy, which, like qualified immunity, is an entitlement not to be forced to appear at trial. *Chuman,* (Id. at 105). The rule following *Chuman* for qualified immunity purposes is that if the district court finds the Defendants' claim of qualified immunity is frivolous or has been waived, the district court may certify in writing that the Defendants' right to pretrial appeal is forfeited, and the case can proceed to

trial. (Id. at 105). If the district court does not so certify, it is automatically divested of jurisdiction to proceed with trial while the appeal is pending. (Id. at 105).

District Courts should and have certified interlocutory appeals for qualified immunity as frivolous thus permitting the case to proceed as scheduled to trial. (*e.g., Nelson v. City of Hayward, N.E.M. v City of Salinas,* (ND. 2017, Case: 5:14-cv-05598-EJD, Doc. #63) (finding interlocutory appeal of qualified immunity frivolous and ordering the case to proceed to trial based on remaining factual disputes); *see also Duenez v. City of Manteca,* (E.D. 2014, Case: 2:11-cv-01820-LKK-AC, Doc. 125) (finding interlocutory appeal of qualified immunity frivolous and ordering the case to proceed to trial based on remaining factual disputes); *see Hahn v. City of Carlsbad,* (S.D. 2017, Case No.: 3:15-CV-02007-DMS-BGS, Doc. 112) (finding interlocutory appeal of qualified immunity frivolous and order the case to proceed to trial based on remaining factual disputes).

For example, recently in *Banks-Reed v. BART*, the district court certified frivolous defendants' appeal and denied the defendants attempt to stay the case and vacate the trial date, "because material fact disputes existed" in regard to whether the decedent was attempting to surrender to the shooting officer. (*Banks-Reed v. BART,* Case No.: 4:18-cv-05755-YGR, Doc. 80, p. 1 (N.D. 2020). After the order certifying the appeal as frivolous, the defendant officer in *Banks-Reed* then filed an emergency stay request pending the outcome of their appeal with the Ninth Circuit, which the Ninth Circuit denied. *Mateu v. Banks-Reed*, Case No. 19-1744, Doc. 9 (9th Cir., January 27, 2020).

Similarly, in *Moore v. CCSF*, defendant officers shot a man on his steps because they claimed he punched and knocked out one officer and was charging at another. (Moore v. CCSF, Case No.: 3:18-cv-00634-SI, (N.D. Jan. 8, 2021). The district court denied qualified immunity in its summary judgment ruling because "the Court found '[r]esolution of defendants' qualified immunity defense requires determination of numerous factual disputes…. So here, the qualified immunity question

cannot be resolved on the record at this time.'" (Moore v. CCSF, Case No.: 3:18-cv-00634-SI, (N.D. Jan. 8, 2021) at Doc. 129, p. 1, lines 14-16). Nevertheless, Defendants filed a notice of interlocutory appeal on the issue and the district court certified the appeal frivolous citing to *Johnson v. Jones*, 515 U.S. 304, 319-320 (1995) and held that the district court had jurisdiction over the matter since the denial of qualified immunity turned on the factual disputes. (Id. at p. 2). For this reason, the district certified the appeal as frivolous and kept the pretrial and trial schedule. (Id. at p. 2). Defendants officers there also filed a motion to stay the proceedings with the Ninth Circuit and the Ninth Circuit denied the stay. *Loyce Moore, et al v. Kenneth Cha, et al*, Case No. 20-17494 at Doc. 18 (9th Cir. March 11, 2021).

The case at bar, is analogous to those cited above and warrants the district court to reach a similar determination. At the hearing and in its order, the Court cited the plethora of factual disputes that remained and from which a decision of qualified immunity predicated. Therefore, Defendants have no right to interlocutory appeal at this stage.

Additionally, the whole purpose of interlocutory appeal on issues of qualified immunity is to keep public officials from standing trial. *See Jones,* supra at 311-312, citing to *Mitchell v. Forsyth,* 472 U.S. 511 (1985). But here, Plaintiffs' have state claims, including the *Bane* act claim, which would go to trial regardless of the ruling on qualified immunity from an appellate court. In fact, Defendants *even admitted* that Plaintiff's state claims will proceed:

> "As you are aware, at this stage Hall can appeal the denial of qualified immunity as to the Fourth and Fourteenth Amendment claims, **but not the state law claims despite those claims being essentially the same as the federal claims.** Please let me know whether Plaintiff is willing to stipulate to a stay of this case, including trial on the state law claims, pending resolution of Hall's appeal?" (Buelna Decl., **Ex. 1**) [emphasis added]

Therefore, the very purpose of interlocutory appeal to protect public officials from attending trial is defeated by the fact the state claims would proceed to trial anyhow.

## V. CONCLUSION

For the aforementioned reasons, Plaintiff respectfully requests the Court to GRANT her Motion to Certify Defendants' Interlocutory Appeal as Frivolous.

Date: August 22, 2021                               Respectfully submitted,

**POINTER & BUELNA, LLP**
**LAWYERS FOR THE PEOPLE**

/s/ Patrick Buelna
PATRICK M. BUELNA
COUNSEL FOR PLAINTIFFS