**JOHN L. BURRIS, ESQ., SBN 69888**
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Center
7677 Oakport Street, Suite 1120
Oakland, CA 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
Email: John.Burris@johnburrislaw.com

**ADANTE POINTER, ESQ., SBN 236229**
**PATRICK BUELNA, ESQ., SBN 317043**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
Wells Fargo Center
1901 Harrison St., Suite 1140,
Oakland, CA 94612
Tel: 510-929-5400
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com

**MELISSA C. NOLD, ESQ., SBN 301378**
**NOLD LAW**
521 Georgia Street,
Vallejo, California 94590
Tel: (707)644-4004
Email: melissa@noldlaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNIE ATIENZA, et al.<br><br>　　　　Plaintiff,<br>v.<br><br>ANDREW HALL, et al.,<br><br>　　　　Defendants. | CASE NO.: 3:19-cv-03440-RS<br><br>**PLAINTIFFS' NOTICE OF AND MOTION TO CERTIFY DEFENDANTS' INTERLOCUTORY APPEAL AS FRIVOLOUS**<br><br>HON. RICHARD SEEBORG<br><br>Date:　　September 30, 2021<br>Time:　　1:30 p.m.<br>Ctrm:　　Zoom |

The Ninth Circuit has already ordered the parties to address the Appellate Court's jurisdiction over Defendants' interlocutory appeal (*See Atienza v. Andrew Hall*, Case No.: 21-16344 at Doc. 5) and directed the parties to their decision in *Villanueva v. California*, 986 F.3d 1158, 1164 (9th Cir. 2021) (court of appeals has jurisdiction over interlocutory appeal from denial of qualified immunity only "to the extent that it turns on an issue of law")..

The Court found and the parties agree that the "clearly established" right at issue is the one found in *Orn v. City of Tacoma,* 949 F.3d 1167 (9th Cir. 2020). (MSJ Order, Doc. 105, at p. 7). Defendants simply dispute that there is not sufficient factual evidence to bring Plaintiff's case within the bounds of *Orn*. (Def. Opp., Doc. 114, p. 13) (e.g., arguing "[t]he undisputed facts in this case establish that Hall could not avoid "any risk" simply by stepping back).

Yet Defendants' claim in their Opposition that it does not matter that the Court denied Qualified Immunity based on outstanding material fact disputes citing *Behrens v. Pelletier*, 516 U.S. 299 (1996). But the *Behrens* Court supports certifying Defendant Hall's appeal frivolous

Argument about the factual record was precisely what the *Behrens* Supreme Court agreed is **not appealable.** The *Behrens* Court explained:

> *Johnson* held, simply, that determinations of evidentiary sufficiency at summary judgment are not immediately appealable merely because they happen to arise in a qualified-immunity case; **if what is at issue in the sufficiency determination is nothing more than whether the evidence could support a finding that particular conduct occurred, the question decided is not truly "separable" from the plaintiff's claim, and hence there is no "final decision" under Cohen and Mitchell**. *Behrens,* 516 U.S. 299, 313.

Here, the Defendants argue *ad nauseam* that there is not sufficient evidence for the district court to find that Decedent Arboleda drove slowly, that he was not driving at Defendant Hall, and

that Defendant Hall could easily step out of the way. This is the basis of their appeal as described in their opposition to the motion to certify as well.

These arguments only relate to the *sufficiency* of the evidence; i.e., whether the Plaintiff presented sufficient genuine issues of fact evidence as to these points. *See Villanueva v. California,* 986 F.3d 1158, 1164 (9th Cir. 2021) ("any decision by the district court that the parties evidence presents genuine issues of material fact is categorically unreviewable on interlocutory appeal").

Still Defendants claimed in their opposition that Defendant Hall is permitted at interlocutory appeal to "make arguments respecting the factual record, such as a) there is no evidence in the record as to a fact, b) a disputed fact is not material, and c) the evidence in the record "clearly contradicts" the version of facts asserted by Atienza (or found by the Court)." (See Def. Opp., Doc. 114, p. 6). And this is precisely why the appeal is frivolous and the Ninth Circuit does not have jurisdiction, because the Ninth Circuit cannot review whether the "parties evidence presents genuine issues of material fact." *Villanueva,* at 1164.

## CONCLUSION

For the aforementioned reasons, Plaintiff respectfully requests the Court to GRANT her Motion to Certify Defendants' Interlocutory Appeal as Frivolous.

Date: September 14, 2021    Respectfully submitted,

**POINTER & BUELNA, LLP**
**LAWYERS FOR THE PEOPLE**

/s/ Patrick Buelna
PATRICK M. BUELNA
COUNSEL FOR PLAINTIFFS

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

3