MARY ANN McNETT MASON (SBN 115089)
County Counsel
D. CAMERON BAKER (SBN 154432)
Deputy County Counsel
COUNTY OF CONTRA COSTA
1025 Escobar Street, Third Floor
Martinez, California 94553
Telephone:    (925) 655-2280
Facsimile:    (925) 655-2266
Electronic Mail: cameron.baker@cc.cccounty.us

Attorneys for Defendant
ANDREW HALL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNIE ATIENZA, individually and as successor-in-interest to Decedent LAUDEMER ARBOLEDA,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW HALL, individually; PHILLIP ARBOLEDA, individually, as successor-in-interest to Decedent LAUDEMER ARBOLEDA, and DOES 1-50 inclusive,<br><br>Defendants. | No. C19-03440 RS<br><br>NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF PORTIONS OF AUGUST 4, 2021 ORDER<br><br>Crtrm: 3, 17th Floor<br>Judge: Hon. Richard Seeborg, Presiding<br>Date Action Filed: June 17, 2019<br>Trial Date: December 6, 2021 |

TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    II.    ISSUES TO BE DECIDED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    III.   FACTUAL AND PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . 4
    IV.   LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
         A.  The *Earl* Decisions Represent a Material Change in the Law . . . . . . . . . . . . 4
         B.  Hall Has Exercised Reasonable Diligence . . . . . . . . . . . . . . . . . . . . . . . . . . 6
         C.  Alternatively The Court Could *Sua Sponte* Reconsider Its Rulings  . . . . . . . 7
         D.  The Court Should Hear the Motion for Reconsideration
             on September 30 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    VI.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Notice of Motion and Motion for Reconsideration of Portions of August 4, 2021 Order - Case No. C19-03440 RS    ii

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Northern District of California Local Rule 7-9(b)(1), defendant Andrew Hall will and hereby does move this Court for an order granting leave to move for reconsideration of portions of this Court's August 4, 2021 Order denying summary judgment. Hall seeks reconsideration of the Court's denial of summary judgment as to three claims, the Fourth and Fourteenth Amendment claims and the Bane Act claim on the grounds that the Ninth Circuit's decisions in *Earl v. Campbell,* 2021 U.S. App. LEXIS 16268 (9th Cir. June 1, 2021) ("*Earl I*"), and *Earl v. Campbell,* 2021 U.S. App. LEXIS 25446 (August 24, 2021) ("*Earl II*"), represent a material change in the law from the record that was before the Court at the time that it issued the August 4, 2021 Order. Due to the timing of the issuance of *Earl I,* i.e. two days prior to Hall's filing his summary judgment moving papers, and date of issuance of *Earl II* (August 24), Hall was not aware of these decisions despite the exercise of reasonable diligence.

This motion is supported by this notice, the memorandum of points and authorities, all the papers and records on file in this action, and such other materials as may be submitted at or before the hearing on the motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      INTRODUCTION**

On June 3, 2021, Hall filed his motion for summary judgment as to all five claims asserted against him in this case, including Section 1983 claims under the Fourth and Fourteenth Amendments respectively and a related Bane Act claim. ECF No. 93; *see also* Fourth Amended Complaint, ECF No. 40. On August 4, 2021, following briefing and oral argument, the Court denied the motion in its entirety. ECF No. 105.

Neither Hall nor Plaintiff Jeannie Atienza cited *Earl* to the Court in the briefing of Hall's motion for summary judgment or at oral argument. Consequently, that opinion was not before the Court when it issued the August 4, 2021 Order.

The two *Earl* decisions represent a material change in the law from the law previously presented to the Court with respect to the Fourth Amendment claim. *Earl* has the same fact pattern as this case - an officer on foot firing multiple shots at the driver of a slow-moving vehicle, which the officer perceived accelerated towards him and where the officer believed himself to be in the path of travel. *See Earl v. Campbell,* 2019 U.S. 53155, *4-6 (W.D. Wa. March 28, 2019). *Earl I* affirmed the grant of qualified immunity to the officer on the Fourth Amendment claim based on this fact pattern in words applicable here: "Salyers argues that in 2016, clearly established law prohibited shooting the driver of a slow-moving car that Officer Campbell could have side-stepped. To the contrary, even a slow-moving car not pointed directly at an officer can pose a threat justifying deadly force." *Earl I,* at *3.

In reaching this conclusion, *Earl I* treated *Orn v. Tacoma,* 949 F.3d 1167 (9th Cir. 2020), as a "similar but non-controlling case" and cited it for the proposition that "Where an officer deliberately approaches a car traveling away from him, our court has questioned whether he could reasonably perceive a threat to his safety." *Earl I,* at *3-4. Notably, in *Earl II,* "no judge has requested a vote on whether to rehear the matter en banc." *Earl II,* at *1.

*Earl I* also impacts the analysis of the Fourteenth Amendment claim. The Ninth Circuit also affirmed summary judgment on that claim on the grounds that the officer did not violate that amendment. "Even if Officer Campbell misperceived the dangers, there is no reason to believe that [his] reaction was driven by anything other than his instinct . . . to do his job as a law enforcement officer." *Id.* at *6 (citations and quotation marks omitted).

In addition, *Earl I* represents a material change with respect to the Bane Act claim. That claim has a "specific intent" element. *Reese v. Cty. of Sacramento,* 888 F.3d 1030, 1043 (9th Cir. 2018). *Earl I's* holding with respect to the Fourteenth Amendment quoted above establishes that Atienza cannot use Hall's misperception of the danger, assuming there was a misperception, to assert the requisite specific intent to violate Arboleda's constitutional rights. Further, *Earl I* holds the contours of the Fourth Amendment are not clearly established in the factual situation before the Court - where the constitutional right at issue is not clearly

//

established at the time of the incident, the defendant cannot form a specific intent to violate that right.

And despite the exercise of reasonable diligence, Hall did not become aware of *Earl I* until September 2. As the Court will appreciate, on June 1, when the Ninth Circuit decided *Earl I*, counsel was focused on finalizing the initial moving papers, not researching additional legal support. Thereafter, when preparing Hall's reply papers, he focused on the cases and arguments made by Plaintiff in her opposition, which did not include *Earl I*. And in preparing for oral argument, he focused his research on the cases decided after the reply brief. *See* Local Rule 703(d)(2) (permitting filings re recent authority). Once Hall became aware of *Earl I*, he raised it in the opposition to Plaintiff's motion to certify his appeal frivolous, ECF No. 114 at 11-12, and now brings this motion for reconsideration.

In these circumstances, there is good cause under Local Rule 7-9(b)(1) for the Court to grant Hall leave to seek reconsideration of the denial of summary judgment on the Fourth and Fourteenth Amendment claims and the related Bane Act claim.

In the event that the Court grants leave, because the proposed motion for reconsideration raises similar issues to the pending motion to certify the appeal as frivolous and Hall's motion to stay, Hall requests that the Court set this motion for oral argument at the same time as those motions, specifically September 30 at 1:30 p.m., and set an expedited briefing schedule. The parties have met and conferred and propose that the Court consider this brief to be the opening brief and have Plaintiff file her opposition brief on September 24 and Hall file the reply brief on September 27.

**II.     ISSUES TO BE DECIDED**

1. Should the Court grant Hall leave to seek reconsideration of the Court's denial of summary judgment as to the Fourth and Fourteenth Amendment claims and the Bane Act claim in light of the Ninth Circuit's *Earl* decisions?

2. Should the Court set Hall's proposed motion for reconsideration for hearing on September 30 at 1:30, at the same time as the pending motions to stay this case and to certify his appeal as frivolous, with an expedited briefing schedule?

### III. FACTUAL AND PROCEDURAL BACKGROUND

On June 3, 2021, Hall filed his motion for summary judgment as to the five claims asserted in this case, including the two Section 1983 claims under the Fourth and Fourteenth Amendments respectively and the Bane Act claim. ECF No. 93. On August 4, 2021, following briefing and oral argument, the Court denied the motion in its entirety. ECF No. 105. On August 16, 2021, Hall filed a Notice of Appeal as to that Order.

On June 1, 2021, the Ninth Circuit issued its decision in *Earl I*. Although both parties briefed the issue of qualified immunity extensively, neither party cited *Earl I* to the Court. *See* ECF Nos. 93, 100 and 101. On August 24, 2021, after the Court issued its Order denying summary judgment, the Ninth Circuit issued *Earl II,* which denied the petitions for rehearing and rehearing en banc. *Earl II*, *1.

On August 23, 2021, Atienza filed a motion to declare Hall's appeal frivolous. ECF No. 111. In the course of preparing his opposition, on September 2, Hall became aware of the Ninth Circuit's decision in *Earl I* and cited that case in that opposition. *See* ECF No. 114 at 11-12. Hall now brings this motion for reconsideration.

### IV. LEGAL ARGUMENT

Under Local Rule 7-9(b)(1), Hall may request leave to seek reconsideration of an interlocutory order where "at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought." N.D. Cal. Local Rule 7-9(b)(1). Hall must also show that "in the exercise of reasonable diligence," he did not know about *Earl* at the time of the interlocutory order. *Id.* These conditions are met here.

A. The *Earl* Decisions Represent a Material Change in the Law

The two *Earl* decisions represent material changes in the law from that presented to the Court prior to issuance of the August 4, 2021 Order - material changes that impact this Court's adjudication of the Fourth and Fourteenth Amendment claims and the Bane Act claim.

As discussed above, *Earl I* affirms the grant of qualified immunity as to a Fourth Amendment claim in a factually identical situation using words directly applicable to this case:

> Salyers argues that in 2016, clearly established law prohibited shooting the driver of a slow-moving car that Officer Campbell could have side-stepped. To the contrary, even a slow-moving car not pointed directly at an officer can pose a threat justifying deadly force. . . . Even if the officers were "out of harm's way" in hindsight, 'the critical inquiry is what [the shooting officer perceived" at the time. Officer Campbell believed he was imminent danger when Salyers, ignoring police commands, turned the car's wheels toward him and accelerated in close quarters. In such circumstances, the reasonableness of deadly force is not beyond debate.

*Earl I*, *3 (citations omitted). And *Earl I* held the officer in question entitled to qualified immunity even if he continued to shoot after he was no longer in danger because he fired eight shots "[i]n about two seconds . . . in a single series without pause." *Id.* at *4-5. "Cases where an officer shoots, pauses, and shoots again are distinguishable because the officer had time to assess whether the threat had subsided." *Id.* at *5.

In holding that "no controlling authority has placed deadly force off limits where an officer on foot perceives a car *accelerating in his direction* - which is what Officer Campbell saw here," *id.* at *4 (italics in original), *Earl I* distinguished *Orn*, the case most relied upon by this Court in the August 4 Order. The Ninth Circuit discussed *Orn* as a "similar, but non-controlling case[]" and cited it for the proposition that "[w]here an officer deliberately approaches a car travelling away from him," it was "question[able] whether he could reasonably perceive a threat to his safety." *Id.* at *4.

Significantly, in *Earl II,* no Ninth Circuit judge requested a vote on the request for rehearing *en banc,* indicating acceptance of this characterization of *Orn* and whether that decision "controlled" the fact pattern in *Earl. Earl II,* at *1.

*Earl I* also represents a material change of law with respect to the Fourteenth Amendment claim. In a materially identical fact pattern, *Earl I* held that even if the officer "misperceived the danger," there was no evidence to show that his actions were motivated by anything other than performing his duties as a law enforcement officer. *Earl I,* at *6. And again in *Earl II,* no judge requested a vote on subjecting this holding to en banc review. In addition to this point, where the officer is entitled to qualified immunity on the Fourth Amendment claim, that officer should be given qualified immunity on the derivative Fourteenth Amendment claim.

1    Finally, *Earl I* represents a material change with respect to the Bane Act.  As noted above, *Earl I* holds that a misperception as to the danger faced by the officer is not a basis to conclude the use of force was not consistent with legitimate law enforcement objections. *Earl I,* at *6.  Consequently, this precludes the "specific intent" element of a Bane Act claim.  Further, *Earl I's* holding that the contours of the Fourth Amendment are not "clearly established" in the fact pattern before the Court logically leads to the conclusion that Hall could not have formed a "specific intent" to violate the Fourth Amendment.

Hall acknowledges that because both *Earl* decisions are unpublished, they are only persuasive and not binding on this Court.  Some courts have declined to treat unpublished Ninth Circuit decisions as a "material change in the law" sufficient to warrant reconsideration. *See Rivera v. UHS v. Del., Inc.,* 2018 U.S. Dist. LEXIS 228695 (C.D. Cal. March 14, 2018).  Others have rejected that argument.  *See NCUA Bd. v. Goldman Sachs & Co.,* 2013 U.S. Dist. LEXIS 181149, *11-12 (C.D. Cal. July 11, 2013).  The majority of courts note this issue, but then evaluate whether the decision at issue supports reconsideration.  *See Arnold v. DMG Mori USA, Inc.,* 2021 U.S. Dist. LEXIS 62890, *4-5 (N.D. Cal. March 31, 2021); *Ricketts v. CBS Corps.* 2020 U.S. Dist. LEXIS 157803, *5-6 (C.D. Cal. July 23, 2020).

In this case, the Court can and should rely on the *Earl* decisions as a basis for reconsideration.  The *Earl* decisions are not only Ninth Circuit decisions evaluating the very same claims in essentially the identical fact pattern, they are the only decisions to do so.  Further, they clarify the parameters of prior decisions, including *Orn.*

In sum, the *Earl* decisions represent a material change in the law from that before the Court on August 4, 2021.

B.  Hall Has Exercised Reasonable Diligence

Hall concedes that his counsel could have located *Earl I* prior to oral argument on July 29, 2021.  However, this fact does not mean that he did not exercise reasonable diligence.  The Ninth Circuit decided *Earl I* on June 1, a mere two days before Hall filed his opening summary judgment papers on June 3.  Even assuming that this decision was publicly available on June 1

//

itself, at that time, Hall's counsel was focused on proofing and reviewing the summary judgment moving papers for filing, not researching new cases to support existing arguments.

Likewise, in preparing the reply brief, Hall's counsel had a week (June 18 to June 24) to review and respond to the arguments made by Plaintiff in her opposition. Plaintiff's arguments were principally factual and did not include any citation to *Earl I*. Consequently, Hall's counsel spent the majority of his time preparing the responses to Plaintiff's factual arguments and not conducting additional legal research.

And in preparing for oral argument, his counsel did conduct additional legal research, but focused on cases decided in the time period from the filing of the reply brief to the date of oral argument. The reason for this focus is the Court's Local Rule 7-9(d)(3), which authorizes counsel to identify new authority decided in this period. Notably, counsel did file a Notice of Recent Authority on July 23, 2021. *See* ECF No. 103.

Finally, it should be noted that counsel regularly reviews the advance sheets, but did not notice either *Earl* decision.

### C. Alternatively The Court Could *Sua Sponte* Reconsider Its Rulings

If the Court determines that reconsideration is not appropriate under Local Rule 7-9, the Court can and should reconsider the rulings at issue *sua sponte*. Even if only persuasive, the two *Earl* decisions establish how the Ninth Circuit will rule on Hall's appeal. Consequently, judicial economy and the interests of justice support the Court reconsidering its rulings now. In a similar situation, i.e. where there were pending motions to stay proceedings pending appeal and to certify the appeal as frivolous, Judge Breyer *sua sponte* invited an oral motion for reconsideration of a prior ruling on a Fourth Amendment claim and, thereafter, without further briefing, issued an order granting summary judgment on that claim for the defendant. *See Katz v. County of Contra Costa et al.,* Northern District of California, Case No. 11-05771 CRB, ECF No. 146 at 102; *id.,* ECF No. 150 at 4:2-5:15 (transcript of April 17, 2015 hearing).

//

//

### D. The Court Should Hear the Motion for Reconsideration on September 30

In the event that the Court grants leave to file a motion for reconsideration, the Court should adopt an expedited briefing schedule and set this motion for hearing on September 30, 2021 at 1:30 p.m Hall acknowledges that because both *Earl* decisions are unpublished, they are not "controlling" and binding on this Court. Some courts have declined to treat unpublished decisions as a "material change in the law" sufficient to warrant reconsideration. *See Rivera v. UHS v. Del., Inc.,* 2018 U.S. Dist. LEXIS 228695 (C.D. Cal. March 14, 2018). Others have rejected that argument because there is no requirement in either the FRCP or the applicable local rule that the "material change" be binding. *See NCUA Bd. v. Goldman Sachs & Co.,* 2013 U.S. Dist. LEXIS 181149, *11-12 (C.D. Cal. July 11, 2013). Other courts have noted this issue, but gone on to evaluate whether the decision at issue supports reconsideration. *See Arnold v. DMG Mori USA, Inc.,* 2021 U.S. Dist. LEXIS 62890, *4-5 (N.D. Cal. March 31, 2021); *Ricketts v. CBS Corps.* 2020 U.S. Dist. LEXIS 157803, *5-6 (C.D. Cal. July 23, 2020). In this case, the Court can and should rely on the *Earl* decisions as a basis for reconsideration because they are Ninth Circuit decisions evaluating the very same claims in essentially the identical fact pattern. Further, while they do not create new law, they clarify the parameters of the prior decisions, including *Orn*. .. As the proposed motion for reconsideration raises similar issues to the pending motions to stay and motion to certify the appeal as frivolous, it promotes judicial economy to hear three motions at the same time.

Hall is willing to use this brief as his opening brief. Additionally, the parties have agreed to propose an expedited briefing schedule pursuant to which the opposition brief would be filed on September 24 and the reply brief on September 30.

### VI. CONCLUSION

For the foregoing reasons, the Court should grant Hall leave under Local Rule 7-9 to seek reconsideration of this Court's rulings on the Fourth and Fourteenth Amendment claims and the Bane Act claim based on the two *Earl* decisions. Hall requests that the Court hold a hearing on the proposed motion for reconsideration on September 30, 2021 at 1:30 p.m., and adopt an expedited briefing schedule.

1  DATED:  September 14, 2021

MARY ANN McNETT MASON
COUNTY COUNSEL

By: */S/ D. Cameron Baker*
D. CAMERON BAKER
Deputy County Counsel

Attorneys for Defendant Andrew Hall