UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNIE ATIENZA, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ANDREW HALL, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-03440-RS<br><br>**ORDER GRANTING MOTION TO CERTIFY APPEAL AS FRIVOLOUS AND DENYING MOTION FOR STAY** |

　　　In June 2019, Plaintiff Jeannie Atienza, individually and as a successor-in-interest to Laudemer Arboleda, filed this civil rights action, asserting both federal and state law claims. On August 4, 2021, Defendant Officer Andrew Hall's motion for summary judgment was denied. Officer Hall then filed a Notice of Appeal in the U.S. Court of Appeals for the Ninth Circuit. Atienza motioned to certify the appeal as frivolous (Dkt. 111). Officer Hall seeks to stay all proceedings, including Atienza's state law claims, pending appeal (Dkt. 112).

**I. Legal Standard**

　　　When a district court's denial of a claim of qualified immunity turns on an issue of law, the defendant may file an interlocutory appeal. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). Ordinarily, the filing of a notice of appeal divests the district court of jurisdiction to proceed to trial. *See Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). If a district court certifies a defendant's claim of qualified immunity as frivolous, though, the district court may proceed with trial. *Id.*

"[A] district court's power to certify a defendant's interlocutory appeal of the denial of qualified immunity as frivolous or forfeited [is] a means of protecting civil rights plaintiffs from abusive successive pre-trial assertions of qualified immunity." *Marks v. Clarke*, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996). A frivolous interlocutory appeal "is one that is unfounded" and "so baseless that it does not invoke appellate jurisdiction." *Id.* (internal quotation marks omitted) (quoting *Apostol v. Gallion,* 870 F.2d 1335, 1339 (7th Cir.1989)).

## II. Discussion

In his appeal, Officer Hall must demonstrate, taking the facts in the light most favorable to the plaintiff and making all inferences in favor of the plaintiff, that he was entitled to qualified immunity. *Scott v. Harris*, 550 U.S. 372, 378 (2007). The court's August 4, 2021 order denying summary judgment made clear that the facts in this case are still subject to dispute. It is unclear how fast or slow Laudemer Arboleda's vehicle was moving and where its wheels were pointed when Arboleda made the decision to drive between the two police cruisers. Given that these facts are up for dispute, Officer Hall must establish that he was entitled to qualified immunity no matter how slow the vehicle was moving, and no matter which direction the wheels were pointed. The Ninth Circuit, however, has held in certain factual scenarios that an officer violates clearly established law when shooting into a moving car, even when the officer was on foot. *See Orn v. City of Tacoma*, 949 F.3d 1167, 1178 (9th Cir. 2020); *Adams v. Speers*, 473 F.3d 989, 992–93 (9th Cir. 2007); *Acosta v. City & Cnty. of S.F.* 83 F.3d 1143, 1148 (9th Cir. 1996) *abrogated on other grounds by Saucier v. Katz*, 533 U.S. 194 (2001).

The very facts that are up for dispute in this case, concerning the speed and direction of Arboleda's car, and whether the officers were endangered by the car's speed and direction, are the kinds of facts upon which a qualified immunity decision will turn. In *Orn*, the Ninth Circuit considered whether the officer was within the vehicle's path of travel along with the relatively slow speed of the vehicle—five miles per hour—to determine that when considering the facts in the light most favorable to the plaintiff, the officer did violate clearly established law. 949 F.3d at 1174–76. In *Adams*, the court considered that the officer had "stepp[ed] out of his patrol car" and

began shooting "without warning and without the need to defend himself or the other officers." 473 F.3d at 993. In *Acosta*, the court noted a jury's determination that the plaintiff "was not driving the vehicle at [the defendant] at a high rate of speed" meant that it was not reasonable for the defendant officer to believe that the driver posed a serious threat to himself or others, and thus the defendant officer was not entitled to qualified immunity. 83 F.3d at 1148.

Upon resolution of the facts in this case, Officer Hall may indeed be able to distinguish the facts of this case from the precedent cited above and demonstrate that he is entitled to qualified immunity. Such a determination, however, cannot be made until the factual disputes are resolved. Any appeal from Officer Hall, thus asks the Ninth Circuit to disregard its precedent in cases like *Orn*, *Adams*, and *Acosta*, or to resolve factual disputes. The Ninth Circuit may not resolve those disputes, because "[a]ny decision by the district court that the parties' evidence presents genuine issues of material fact is categorically unreviewable on interlocutory appeal." *George v. Morris*, 736 F.3d 829, 834 (9th Cir. 2013). As this is appeal is unfounded and baseless, the interlocutory appeal in this case is frivolous.

### III. Conclusion

This case will turn on the factfinder's resolution of the factual disputes in this case. Only once the factfinder has resolved those disputes is it appropriate to reconsider whether Officer Hall is entitled to qualified immunity. Thus, the court certifies his interlocutory appeal as frivolous. [1]

**IT IS SO ORDERED**.

Dated: September 27, 2021

_____
RICHARD SEEBORG
Chief United States District Judge

---

[1] As Officer Hall's appeal is frivolous, the court also denies his motion to stay all proceedings pending appeal (Dkt. 112).